BOARD OF EDUCATION OF MONTCLAIR v. TOWN COUNCIL OF MONTCLAIR.

Argued November 18, 1907—Decided February 24, 1908.

A resolution of a board of school estimate fixing and determining the amount of money necessary for the erection of a schoolhouse at the sum of $175,000, "on condition that a school building containing twenty units shall be erected," is not such a determination as is required by section 76 of the School law of 1903.

On motion for *mandamus*.

Before Justices Swayze and Trenchard.

For the motion, *Charles H. Hartshorne.*

*Contra, Robert M. Boyd, Jr.*

The opinion of the court was delivered by

Swayze, J. This is a motion for a *mandamus* to compel the town council to appropriate $197,500 for the purchase of land and the erection of a schoolhouse. We have just decided, in the case of *Montclair* v. *Baxter, post p.* 68, that the School law is mandatory, and requires the council to act when the amount necessary has been fixed and determined by the board of school estimate. The only question, therefore, is whether the amount was so fixed and determined. The relators rely upon the following resolution:

*"Resolved,* That this board of school estimate do hereby fix and determine the amount of money necessary to be appropriated for the erection of a new Central Grammar School building, to be located corner of Orange road and Hillside avenue, to be the sum of $175,000, on condition that a school building containing twenty units shall be erected thereon, and that $22,500 additional is necessary to pay the purchase price of the land on which to erect said building, making the sum of $197,500."

We are unable to conclude that this resolution fixes and determines the amount. By its very terms it is conditional upon a certain kind of school building being erected. It is of no consequence whether the board of school estimate had a legal right to impose a condition. Even if the condition is void it shows that the action of the board of estimate was not final, and that the amount was only tentatively determined.

In his original brief, counsel for the relators properly conceded that the board of estimate was a check upon possible extravagance of the board of education. In his supplemental brief he seems to reduce the function of the board of estimate to a mere ascertainment of the cost of such a lot and building as the board of education demands—a function that could be better performed by a contractor and a real estate expert than by a board made up of representatives of the board of education and the council. But even this contention, if we acceded to it, would not avail the relator. Its proper remedy would be a *mandamus* against the board of estimate, not against the town council. The council is entitled to have the amount fixed and determined by the board of estimate, as the statute requires, and, until that determination, is under no duty to act. The present case is a striking illustration of the difficulty which would be presented if we acceded to the contention of counsel for the relator. The board of education resolved that the amount needed was $238,500. The board of estimate seems to have thought the plan could be carried out for $41,000 less, but was uncertain. It was therefore quite right in not finally determining the amount, and it follows

that the council was quite right in refusing to appropriate the money, and the *mandamus* should be denied, with costs.

The decision of the state superintendent of public instruction is not in harmony with our views, but this cannot alter the result. We must assume that his decision will be reversed upon appeal by the state board of education, or if not, then by this court on *certiorari*.